No. 359

ROBERTS et v. MONTGOMERY et

No. 19674. Supreme Court

On motion to certify. Dock. March 9, 1926; 4 Abs. 176.

114. ATTORNEY FEES—Where a contract of employment between attorney and client which provides for a contingent fee of ⅓ the amount recovered for personal injury is wrongfully breached and another attorney effects a settlement, is the attorney entitled to ⅓ the amount recovered, or should the fee be based on quantum meruit?

H. Melvin Roberts, William Howell and B. M. Duncan, partners as Howell, Roberts & Duncan, brought this action originally in the Cuyahoga Common Pleas against T. J. Montgomery, Laura Montgomery, W. L .David, Industrial Fibre Corporation, U. S. Fidelity & Guaranty Co., and Tim Long for attorney fees for services rendered.

It appears that T. J. Montgomery and his wife, Laura, living together in Cleveland, were in an automobile which was struck by a truck of the Fibre Co. They sustained personal injuries. At that time, the Fibre Corp. carried a policy of liability insurance with the Guaranty Co.

On the 28th day of March, 1922, Mr. and Mrs. Montgomery employed the plaintiffs as their attorneys to represent them and to either effect a settlement or prosecute litigation for their personal injuries. This employment was by written contract in which the fee of the

plaintiffs was made contingent and the contract provided that the plaintiffs were to receive for their services "33⅓% of whatever amount is received by me in case of trial or settlement." The contract was signed by both Mr. and Mrs. Montgomrey. The plaintiffs having accepted the employment upon the contingent fee, began their services in securing from the Montgomery all of the details as to the happening of the accident, and all of the facts as to the nature and extent of their injuries, of all of which complete memorandum was made.

The defendant, Tim Long, advised Montgomery that he had made a serious mistake in employing the plaintiffs, and persuaded him that he should not continue with the plaintiffs as his attorneys, but should employ him, Tim Long, to represent him which was done.

After notifying the plaintiffs that he was retained by the Montgomerys to act for them Long obtained a settlement of $16,500. Two-thirds of the settlement was paid to Mr. and Mrs. Montgomery, and the $5500 was left with Mr. David to be held by him as trustee. Thereafter plaintiffs began suit in the Common Pleas Court to establish their right to this fee, and while it was considered advisable to make Mr. and Mrs. Montgomery, The Industrial Fibre Corporation and The United States Fidelity & Guaranty Company, parties to the suit, yet these parties have no real further interest in this controversy, and Mr. David, as trustee has no further interest than to pay the funds according to the order of the court. He is, however, representing Tim Long, the other defendant, as his attorney. So that as a matter of fact, the controversy as to the ownership of this fee is between Tim Long and Plaintiffs.

The case was tried in the Common Pleas as a suit in equity, and the trial court entered judgment in plaintiffs favor, against David as trustee for the full amount of the fee, and ordered the payment made.

The Common Pleas rendered judgment for the amount provided by the contract, $5500. The Appeals rendered judgment for $1200 on the theory plaintiffs were entitled to recover quantum meruit.

The plaintiffs, in the Supreme Court, contend:

1. That the measure of damages for the breach of the contract was the amount called for in the contract.

2. That the action is not at law for breach of contract, but in equity to determine the ownership of a specific trust fund; and that because Long under the pleadings and proof cannot have any interest in the fund, the plaintiffs are the rightful owners.

Attorneys—Howell, Roberts & Duncan for Pltfs; Kelley, David and Cottrell for Montgomery, David and Long; John H. McNeal for Fibre Corp; Day & Day for Guaranty Co.; all of Cleveland.